No. 10,994.

THE STATE EX REL. JAMES W. BOTHICK ET AL. VS. H. N. RIGHTOR, JUDGE, ETC.

Prohibition does not lie to test the jurisdiction of one of the divisions of the Civil District Court for the parish of Orleans, to which a suit was allotted, when it is pretended that its object is to *annul* proceedings heard before another division unless it clearly appears from the averments the prayer that such is its purpose, and the division to which allotted is devoid of competency *ratione personæ et materiæ*, and the complainant, after exhausting all means of relief, is left without any other remedy.

State ex rel. Bothick et al. vs Judge.

Prohibition can not be substituted to an appeal to determine, in an appealable case, whether the lower court, in the exercise of its legal discretion, has, after contradictory hearing, properly or improperly overruled an exception to its jurisdiction, when it is apparent that the court could render a judgment which might validly constitute *res judicata*, whichever way it goes.

The party aggrieved is not left without remedy, and if error was committed to his prejudice can be relieved by appeal.

APPLICATION for Prohibition and Certiorari.

*Aug. Bernau* for the Relator.

*J. S. & J. T. Whitaker* for the Respondent.

The Supreme Court will not issue the writs of *certiorari* and prohibition in exercise of its supervisory power over inferior court except in cases of usurpation of jurisdiction or power. State ex rel. Martha Selles vs. Judge 21st Jud. Dist. Court, 33 An. 1284.

The case being appealable, the relators have an adequate remedy by appeal, and are not entitled to the interposition of the prohibitive authority of this court. State ex rel. Follett vs N. H. Rightor, Judge, 32 An. 1182.

Where it appears that the heirs, who are of age, have accepted the succession and are in possession of its property, such succession is closed. Woolfolk vs. Woolfolk, 30 An. 139.

Probate and District Courts have concurrent jurisdiction in suits to divide community property between surviving spouse and heirs. 1 N. S. 370; 3 N. S. 172; 7 N. S. 470; 9 La. 584; 17 La. 238.

An original suit not growing out of any previous suit can not be classed under Rule 6, Sec. 10, of Civil District Court, and must be treated as an entirely new matter.

The opinion of the court was delivered by

BERMUDEZ, C. J.   This is an application for a prohibition and for a *certiorari*.

The relators contend that a suit has been brought before the Civil District Court, against them, having for its object to *annul* certain proceedings had in their mother's succession, which has been finally wound up; that those proceedings were duly begun, continued and closed before Division A of said court; that the suit to annul them was allotted to Division D; that they have pleaded to the jurisdiction of the last division, contending that, as the suit grows out of the succession proceedings which they seek to annul, both under the rules of the Civil District Court adopted in furtherance of the constitutional provision, and under the law which gives exclusive jurisdiction to the court which rendered a judgment, to entertain and determine a suit to *annul* it, Division D was incompetent, and should

have referred the action to Division A; that they have pleaded to the jurisdiction of Division D, but that their plea has been overruled and that their only remedy for relief is to apply to this court for a prohibition to arrest further proceedings in the suit before Division D, and they accordingly pray.

The District Judge presiding over the division to which the suit was allotted returns, substantially, that the action brought against the relators does not avowedly purport to be one to *annul* the succession proceedings, and that it is simply a suit by parties who claim to be the legal heirs of their mother (Catherine Connolly, who died in 1866), and who ask to be recognized as such contradictorily with their father, Thos. W. Bothick, who is an interdicted person, provided with a curator, and with certain parties named who pretend to be his legitimate children by another person (Annie J. Cunningham, who died in 1881) ——; that he properly overruled the exception to the jurisdiction of his division, and that, if he has erred, the parties aggrieved can be relieved *on appeal*, the case being appealable.

The averment that the suit against them by the relator is one *in nullity* of the proceeding in the settlement of their mother's succession, is not apparent from the allegations and the prayer of the petition of the plaintiffs in the case. They do not even refer to them, and they could not ask for any specific decree, in the judgment on the merits, to annul them.

When the petition was filed and the question of the allotment of the case arose, it surely could not be ascertained from its face that its object was to *annul* any proceeding, orders and judgments before another division, and the allotment accordingly took place.

After the exception to the jurisdiction was filed and heard, the issue whether the suit was one to annul was to be determined by the judge of Division D, in the exercise of his judicial discretion. He considered the showing made as indicating that it was not a suit in nullity, that it was an original, independent action, which could be determined, regardless of the succession proceedings to which the plaintiffs were not parties and which were not, therefore, in their way, so as to require them to be annulled, to justify a recovery of the rights revendicated by them.

It may be, and it may not, that the district judge decided correctly. If he did, his judgment will stand; if he did not, it will be reversed; but the relators are not permitted to question its correctness on an application for a prohibition.

That remedy is not one of right. It is granted only in cases in which a court has no jurisdiction *ratione personœ et materiœ*, and where the complainant would not be entitled to adequate relief *by appeal* or otherwise. 32 An. 1182; 33 An. 923; 34 An. 782.

The suit brought against the relators and allotted to Division D is surely *in itself* one over the subject matter of which that division can pronounce a valid final judgment, whether in favor or against the relators, and which, when definitive, could be successfully set up as *res judicata*.

Should the relators be aggrieved by the judgment to be rendered on the merits, they would not be left without a remedy; they could *appeal* and have, if they are right, either the judgment overruling their exception or that against them on the merits reversed, and themselves quieted in their *status* and property.

It may be that the final judgment may go in their favor and against the plaintiffs in the suit, who may never appeal, or it may be, if they do, that the judgment will be affirmed and the defendants quieted.

The relators can take nothing under the prayer for a *certiorari*. The question of jurisdiction, which might have arisen under it, has been disposed of, in considering that for a prohibition, and the proceedings in the suit before Division D are surely regular in point of *form*.

Their regularity is the only question which would, perhaps, at least, have received any attention in the present application.

It is therefore decreed that the restraining order made *in limine* herein be rescinded, and that the application be refused with costs, without prejudice to the rights of the relators as appellants in the case.